UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICARDO FLEURIMOND,

                Plaintiff,                        **MEMORANDUM AND ORDER**
                                                                                   24-CV-04774 (NRM)

              -against-

JEFFREY G. LERMAN, P.C.; JEFFREY G.
LERMAN, ESQ; NORTH SHORE LIJ MEDICAL,
P.C.; PETER STOUTE, Interboro Attorney Service
and Unknown Agents Successors and Assigns,

                Defendants.
------------------------------------------------------------x
NINA R. MORRISON , United States District Judge:

    *Pro se* Plaintiff Ricardo Fleurimond brings this action under the Court's federal question and diversity of citizenship jurisdictions. Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. For the reasons discussed below, the complaint is dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

    The following facts are drawn from the complaint and related attachments, the allegations of which are assumed to be true for purposes of this Memorandum and Order. As best as the Court can determine, it appears that Defendant Lerman initiated a debt collection action on behalf of their client North Shore-LIJ Medical, P.C., in Kings County Civil Court. *See* Ltr. from Lerman to Pl. (July 19, 2019), ECF No. 1-4 at 10 (directing Plaintiff to remit payment in the amount of $1,211.00 to North Shore-LIJ Medical, P.C. in connection with medical treatment provided to Plaintiff on July 24, 2017) (the "Lerman Letter"). It appears that Defendant North Shore-LIJ

Medical, P.C., represented by Lerman, initiated an action against Plaintiff in Kings County Civil Court in 2021, s*ee* Summons, *North Shore-LIJ Medical, P.C. v. Ricardo Fleurimond* (Mar. 31, 2021), ECF No. 1-4 at 12, and that Plaintiff defaulted in that action, *see* Notice of Default, *North Shore-LIJ Medical, P.C. v. Ricardo Fleurimond*, Index No. 14660/21 (July 28, 2021), ECF No. 1-4 at 14. The Court gathers that Plaintiff moved to vacate the default judgment in the Kings County Civil Court matter, arguing that he had paid the outstanding debt, even though the Kings County court had concluded that the evidence Plaintiff submitted — IRS forms (ECF No. 1-4 at 4) — failed to establish that he had made the requisite payment. *See* Decision/Order, *North Shore-LIJ Medical, P.C. v. Ricardo Fleurimond*, Index No. 14660/21 (Jun. 27, 2022), ECF No. 1-4 at 18; *see also North Shore-LIJ Medical, P.C. v. Ricardo Fleurimond*, No. CV-014660-21/KI (https://iapps.courts.state.ny.us/webcivilLocal/LCSearch) (last visited July 10, 2024).

This action appears to be, at least in part, an effort by Plaintiff to call into question the judgment issued against him in the state court proceeding. The Plaintiff, Ricardo Fleurimond Trust, located in New York, brings this action against Defendants North Shore-LIJ Medical, P.C. (the plaintiffs in the state court action); their counsel, Jeffrey G. Lerman; and Peter Stoute, the service processor who filed an affidavit of service indicating he had served the summons and complaint in the state court matter (*see* Aff. of Service, ECF No. 1-4 at 16), all of whom are also located in New York. *See* Compl. at 1–4, ECF No. 1.

Plaintiff also alleges that Defendants infringed a trademark belonging to Plaintiff in a letter dated July 19, 2019, which appears to be a reference to the letter Lerman sent to Plaintiff in July 2019 in an attempt to collect a debt on behalf of his client. Compl. at 6. Plaintiff claims that he sent letters demanding that Defendants cease and desist from infringing his trademark and that Defendants, through their silence, implicitly agreed to his demand. Compl. at 7. Plaintiff further alleges that Defendants did not properly serve him in the state court matter, that they colluded to defraud the state court by submitting an affidavit of service falsely alleging Plaintiff had been served, that they used fraudulent means to obtain a judgment against him in state court, that they infringed upon Plaintiff's intellectual property for financial gain, and that they are liable contractually and otherwise for injuring Plaintiff. Compl. at 7–8.

For relief, Plaintiff seeks summary judgment in his favor, an order compelling Defendants to arbitrate the dispute, and for further relief as deemed appropriate by the Court. Compl. at 8.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true,

this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

If the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

Here, Plaintiff's allegations fail to assert a basis for the exercise of the Court's federal question jurisdiction, which provides federal courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd of Educ. of City of Bridgeport,* 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks and citation omitted); *Moore v. Brooklyn Hosp.*

*Ctr.,* No. 22-CV-04208, 2022 WL 16798230, at *2 (E.D.N.Y. Nov. 8, 2022).

Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLoed v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the complaint does not suggest any basis for the exercise of subject matter jurisdiction. Plaintiff's claim does not arise under the Constitution or any of the federal laws he cites in the complaint. *See* Doc 1 at pgs. 4-5. At best, the complaint alleges that Plaintiff trademarked the "Ricardo Fleurimond Trust" and that Defendants, by attempting to collect a debt in a letter directed to Plaintiff, Ricardo Fleurimond, infringed Plaintiff's trademark and allegedly violated the Lanham Act. There are several problems with Plaintiff's assertion of jurisdiction on this basis. First, Plaintiff has provided no authority (and the Court is aware of none) indicating or establishing that a person can plausibly trademark their name and then file suit for infringement any time someone directs mail to them using their name. Second, Plaintiff alleges that he had a trademark for the "Ricardo Fleurimond Trust" but received a letter directed to Plaintiff individually, not the Trust.

Regardless, Plaintiff has failed to state a claim for infringement under the Lanham Act. "To prevail on an infringement action [under the Lanham Act, 15 U.S.C. § 1114(1)(a) ], a plaintiff must demonstrate: (1) 'that it has a valid mark entitled to protection,' and (2) 'that the defendant's use of that mark is likely to cause confusion.' " *Juicy Couture v. Bella Intern. Ltd.,* 930 F.Supp.2d, 489, 498 (S.D.N.Y.2013) (quoting *Time, Inc. v. Petersen Publ'g Co. LLC,* 173 F.3d 113, 117 (2d Cir.1999)). The Lanham

Act aims to avoid confusion where, for example, "potential consumers initially are attracted to the junior user's mark by virtue of its similarity to the senior user's mark, even though these consumers are not actually confused at the time of purchase." *Sussman-Automatic Corp. v. Spa World Corp.,* 15 F. Supp. 3d 258, 266 (E.D.N.Y. 2014). There is no risk of confusion (to the parties the Lanham Act aims to protect or otherwise) created by the Defendants' use of Plaintiff's name in sending correspondence to Plaintiff. Here, the Court lacks jurisdiction over a federal claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted). Plaintiff's citations to various other federal laws that have no relevance whatsoever to the instant action (*see* Compl. at 4, citing to the Truth in Lending Act, the Fifth Amendment of the United States, the Commerce Clause, and so forth) do not create federal question jurisdiction where there is none, as none of the allegations in the complaint plausibly arise (or even relate) to any of the other federal laws cited in the complaint.

Because the Court does not have federal-question jurisdiction, it can only adjudicate this claim if it has diversity jurisdiction. Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012). The party asserting diversity jurisdiction bears the burden of

proving it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005); *Finnegan v. Long Island Power Auth.*, No. 17-CV-4424, 2019 WL 4467559, at *3 (E.D.N.Y. Sept. 18, 2019). Here, according to the Complaint, both Plaintiff and Defendants reside in New York. *See* Compl. at pg. 5. Thus, diversity of citizenship is lacking.

Further, to the extent Plaintiff brings the instant complaint in order to challenge or re-litigate a state court judgment, the *Rooker-Feldman* doctrine further precludes this Court from exercising jurisdiction in this matter. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (finding the *Rooker-Feldman* doctrine applies when a plaintiff complains in federal court of injuries that are caused by a state-court judgment); *see also See Hunter v. McMahon*, 75 F.4th 62, 65 (2d Cir. 2023) (noting that *Rooker-Feldman* applies only after state-court proceedings have ended.)

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Generally, a court should not dismiss a *pro se* complaint "without [the Court] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to amend the Complaint but finds that amendment would be futile. *See Salahuddin v. Cuomo, 861*

*F.2d 40, 42 (2d Cir. 1988)* (finding that frivolous complaints may be dismissed without leave to amend); *Middleton v. United States*, 2011 WL 7164452, at *4 (E.D.N.Y. June 28, 2011)(Boyle, M.J.), report and recommendation adopted, 2012 WL 394559 (E.D.N.Y. Feb. 7, 2012)(Bianco, J.) (Complaints that are frivolous on their face may be dismissed without granting leave to amend).

The Clerk of Court is respectfully directed to enter judgment and close this case. The Clerk of Court is also directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444-45 (1962)

SO ORDERED.

>   */s/NRM*
>   NINA R. MORRISON
>   United States District Judge

Dated:  November 4, 2024
        Brooklyn, New York